UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA ALEJANDRA ALVARADO, | ) |
| | ) CASE NO. C13-0548-TSZ-MAT |
| Petitioner, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| ICE FIELD OFFICE DIRECTOR, | ) |
| | ) |
| Respondent. | ) |

On March 27, 2013, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the lawfulness of her detention and seeking either supervised release or a bond hearing. Dkt. No. 5. After the habeas petition was filed, however, petitioner was released from immigration custody pursuant to an Order of Supervision. Dkt. No. 13, Exh. A. Because petitioner has been released from immigration custody, her habeas petition has become moot and should be dismissed.

Under 28 U.S.C. § 2241, a writ of habeas corpus "shall not extend to a prisoner unless . . . [sh]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The "in custody" requirement is satisfied at the time the petition is

REPORT AND RECOMMENDATION
PAGE -1

filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). To maintain a habeas claim, a petitioner must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001). At any stage of the proceedings, a petition may become moot "because it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer*, 523 U.S. at 7. "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining collateral consequences that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) (citing *Spencer*, 523 U.S. at 7).

Here, the relief sought in the habeas petition is no longer available and there are no collateral consequences that may be redressed. *See id*. ("[W]here the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody."). The habeas petition, therefore, has become moot and should be dismissed. *See id.*; *see also Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992)(holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe).

For the foregoing reasons, the court recommends that this action be dismissed. A proposed order accompanies this Report and Recommendation.

DATED this 13th day of June, 2013.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -2